**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4527

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAIAH JAQJAN FISHER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:23-cr-00045-MR-WCM-1)

Submitted:  November 21, 2025                    Decided:  January 9, 2026

Before KING, HARRIS, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  John G. Baker, Federal Public Defender, Ashley A. Askari, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaiah Jaqjan Fisher appeals his conviction and the 18-month sentence imposed following his guilty plea to possession of a machinegun, in violation of 18 U.S.C. §§ 922(o), 924(a)(2).  On appeal, Fisher's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether § 922(o) violates the Second Amendment facially or as applied to Fisher.[1]  Although informed of his right to do so, Fisher has not filed a pro se supplemental brief.  The Government has declined to file a response brief.  We affirm.

In deciding whether § 922(o) is consistent with the Second Amendment, we first ask "whether the plain text of the Second Amendment guarantees the individual right to possess" machineguns.  *Bianchi v. Brown*, 111 F.4th 438, 447 (4th Cir. 2024) (citation modified), *cert. denied*, *Snope v. Brown*, 145 S. Ct. 1534 (2025).  "If not, that ends the inquiry:  the Second Amendment does not apply." *United States v. Price*, 111 F.4th 392, 398 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1891 (2025).  "But if it does, then, second, we must ask whether the government has justified the regulation as consistent with the principles that underpin our nation's historical tradition of firearm regulation." *Id.* (citation modified).

---

[1] Fisher's counsel also briefly asserts that there is a nonfrivolous issue regarding whether the district court erred in calculating Fisher's Sentencing Guidelines range. Although counsel asserts that Fisher does not wish to receive appellate review of this issue, we have nonetheless reviewed the issue pursuant to *Anders* and conclude that it lacks merit.

Here, the inquiry ends with the first step. At that step, courts ask "whether the weapons regulated by the challenged regulation were in common use for a lawful purpose, [such as] self-defense." *Id.* at 400 (citation modified). "We know from Supreme Court precedent that short-barreled shotguns and machineguns are not in common use for a lawful purpose." *Id.* at 403; *see District of Columbia v. Heller*, 554 U.S. 570, 624 (2008) (noting that it would be "startling" to suggest "that the National Firearms Act's restrictions on machineguns . . . might be unconstitutional"). Additionally, the record reflects that the weapon Fisher possessed qualified as a machinegun because it could shoot multiple rounds with one function of the trigger. *See* 26 U.S.C. § 5845(b) (defining machinegun). We therefore conclude that § 922(o) is constitutional on its face and as applied to Fisher's conduct in possessing a machinegun.[2]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district court's judgment.

This court requires that counsel inform Fisher, in writing, of the right to petition the Supreme Court of the United States for further review. If Fisher requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that

---

[2] "It could be argued that [Fisher's] unconditional guilty plea . . . waived any as-applied constitutional challenges" to § 922(o). *United States v. Pittman*, 125 F.4th 527, 531 (4th Cir. 2025) (citation modified). Because we conclude that Fisher's as-applied challenge fails on its merits, even on de novo review, we need not resolve whether his guilty plea waived that challenge. *See id.*

a copy thereof was served on Fisher.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*